IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

KRISTY PADILLA, <u>et</u> <u>al</u>.,

      Plaintiffs,

      v.

PRICE TOYOTA, <u>et</u> <u>al</u>.,

      Defendants,

      <u>and</u>

PRICE TOYOTA, <u>et</u> <u>al</u>.,

      Third-Party Plaintiffs,

      v.

WILLIAM R. BAKER,

      Third-Party Defendant.

HON. JEROME B. SIMANDLE

Civil Action
No. 04-3422 (JBS)

**<u>OPINION</u>**

APPEARANCES:

Thomas R. Smith, Esq.
PELLETTIERI, RABSTEIN,& ALTMAN
100 Nassau Park Blvd., Suite 111
Princeton, NJ 08540
    Attorney for Plaintiffs

Jennifer M. Brooks, Esq.
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1515 Market Street
Philadelphia, PA 19102
    Attorney for Defendants

William Henry Hanifen, IV, Esq.
440 Collings Avenue
P.O. Box 10
Collingswood, NJ 08108
    Attorney for Third-Party Defendant William R. Baker

**SIMANDLE,** District Judge:

This matter comes before the Court upon Third-Party Defendant William R. Baker's motion to dismiss the Third Party-Complaint brought by Defendants/Third-Party Plaintiffs Price Toyota and other Toyota entities.  Plaintiff is Kristy Padilla, a passenger injured in a two car motor vehicle accident on May 18, 2002.  The accident occurred when a car crossed the center line striking a vehicle in which she was a passenger.[1]  Padilla brings this case against Defendants, Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation, Toyota Motor Manufacturing Canada, Inc., and Price Toyota (collectively "Toyota") alleging that Padilla's injuries were caused by a defect in the passenger air bag system in the 2002 Toyota Corolla in which she was riding. Defendant Toyota has filed a third-party complaint against Third-Party Defendant William Baker, the driver of the car that struck the Padilla vehicle, seeking contribution from Baker as a joint tortfeasor.

In this action, Baker brings this motion to dismiss the third-party complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. of Civ. P. 12(b)(6). Baker contends that a general release between Padilla and Baker precludes Toyota from filing a third-party complaint for

---

[1] Kristy Padilla shall be referred to as "Padilla." Kristy Padilla's father and mother (Edwin and Kimberly Padilla) join her as plaintiffs in this matter.

2

contribution against him.

For the reasons discussed herein, because the general release does not mention the right to contribution and Toyota did not possess such a right at the time the release was executed, the general release between Baker and Padilla does not bar Toyota's contribution claim against Baker.  In addition, under New Jersey law, the fact that Padilla is unable to file an action against Baker does not prevent Toyota from pursuing its contribution claim against Baker.  Therefore, Baker's motion to dismiss will be denied.

## I. BACKGROUND

### A. Facts

On May 18, 2002, Edwin Padilla, Kristy Padilla, and William Baker were involved in a two vehicle collision.  Edwin Padilla (the driver of a 2002 Toyota Corolla) and Kristy Padilla (a front seat passenger) were traveling north-bound on Delsea Drive in Vineland, New Jersey.  William Baker, driving a 1994 Chevrolet truck, was traveling south-bound on Delsea Drive when he crossed the center line into the oncoming lane of traffic striking Mr. Padilla's vehicle nearly head on.  (Police report, Third-Party Defs.' Br. Ex. A.)

Following the accident, Edwin Padilla initiated an action on behalf of Kristy Padilla against Baker.  (Notice of Mot. to Dismiss the Third-Party Compl. ¶6.)  Prior to trial, the parties

entered into a Settlement Agreement and Release (the "Release") in favor of Baker and his insurer on October 26, 2003.  (Notice of Mot. to Dismiss the Third-Party Compl. ¶11.)  The Release states:

> Claimant [Padilla] hereby completely releases and forever discharges Defendant [Baker] and Insurer from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, which the Claimant now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of the incident...including, without limitation, any and all known or unknown claims for bodily and personal injuries to Claimant, or any future wrongful death claim of Claimant's representatives or heirs, which have resulted or may have resulted from the challenged act or omissions of the Defendant.

(Settlement Agreement and Release, Third-Party Defs.' Br. Ex. D.) Thus, under the terms of the Release, Padilla released Baker of all claims she had arising out of the May 18, 2002 accident. (Id.)

**B. Procedural History**

On July 20, 2004, Plaintiffs filed a complaint against Defendants Toyota in the Superior Court of New Jersey Law Division, Cumberland County.  (Pls.' Compl.)  Toyota then filed a Notice of Removal from the New Jersey Superior Court to this Court.  (Notice of Removal).  On December 7, 2004, Toyota filed a third-party complaint pursuant to Fed. R. Civ. P. 14(a) in this

4

Court against Third-Party Defendant, William Baker.[2]  (Defs.'
Third-Party Compl.)  Baker subsequently filed a motion to dismiss
the third-party complaint for failure to state a claim upon which
relief may be granted under Fed. R. Civ. P. 12(b)(6).  [Docket
Item No. 46.]  Toyota filed opposition to Padilla's motion.
[Docket Item No. 47.]  Baker replied.  [Docket Item No. 48.]  The
Court did not hear oral argument on the motion.  See Fed. R. Civ.
P. 78.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss for failure to state a
claim upon which relief may be granted must be denied "unless it
appears beyond doubt that the plaintiff can prove no set of facts
in support of his claim which would entitle him to relief."
Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A district court
must accept any and all reasonable inferences derived from those
facts.  Unger v. Nat'l Residents Corp. V. Exxon Co., U.S.A., 761
F. Supp. 254, 260 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748
F. Supp. 254, 260 (D.N.J. 1990).  Further, the court must view
all allegations in the complaint in the light most favorable to
the plaintiff.  See Scheuer, 416 U.S. at 236; Jordan v. Fox,

---

[2] Fed. R. of Civ. P. 14 (a) states, in pertinent part: "At
any time after commencement of the action a defending party, as a
third-party plaintiff, may cause a summons and complaint to be
served upon a person not a party to the action who is or may be
liable to the third-party plaintiff for all or part of the
plaintiff's claim against the third-party plaintiff."

Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

It is not necessary for the plaintiff to plead evidence, and it is not necessary to plead the facts that serve as the basis for the claim.  See Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977); In re Midlantic Corp. Shareholder Liti., 758 F. Supp. 226, 230 (D.N.J. 1990).  The question before the court is not whether a plaintiff will ultimately prevail; rather, it is whether he can prove any set of facts in support of his claims that would entitle them to relief.  See Hison v. King & Spalding, 467 U.S. 69, 73 (1984).  Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff's allegations state a legal claim.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint are taken into consideration.  Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

## III. DISCUSSION

Baker's motion to dismiss for failure to state a claim will be denied as Toyota possesses a right to assert a claim of contribution against Baker.  Baker argues that the Release executed by Padilla on October 26, 2003 prevents Toyota from

pursuing a contribution claim against him, given that the Release "encompassed all claims which were then recognized within the underlying Complaint in the State action and also encompassed all claims as so reflected in the language of the Settlement Agreement and Release" and that the "discharge of any further obligation to plaintiff is entirely unqualified." (Third-Party Def.'s Br. 1-2.) However, because (1) the Release does not cover any right of contribution and (2) Toyota did not possess a claim for contribution at the time the Release was signed, the Release does not bar Toyota's claim for contribution. See Kuna v. Hollman, 137 N.J. Super. 199, 205-06 (Law Div. 1975). In addition, Padilla's inability to pursue a claim against Baker, given the Release, does not bar Toyota from pursuing a contribution claim against Baker. See Markey v. Skog, 129 N.J. Super. 192, 200-01 (Law Div. 1974).

**A. Release does not prevent Toyota's claim for contribution**

A general release from liability executed by a defendant/third-party plaintiff in favor of a third-party defendant does not preclude a future claim of contribution by a defendant/third-party plaintiff against the third-party defendant if (1) the release does not include the claim for contribution and (2) no right of contribution existed at the time the release was executed. See Kuna, 137 N.J. Super. at 204-05. Kuna involved a motor vehicle accident between a car and a motorcycle. Id. at

7

201.   In <u>Kuna</u>, plaintiff, the motorcycle passenger, filed an action against the motorcycle operator (the defendant/third party-plaintiff) who then filed a third-party complaint against the car operator, the third-party defendant.  As a result of a prior action by the motorcycle operator against the car operator, a settlement was reached between those two parties, and a general release was executed by the motorcycle operator releasing the car operator of "all suits, actions, causes of action...damages, claims or demands, in law or equity which against the said Releasee [car operator], the Releasor [motorcycle operator] ever had, now has or hereafter can, shall, or may have, for, upon or by reason of any matter, cause or thing whatsoever...."  <u>Id.</u> at 202.  A prior action between the motorcycle passenger and the car operator (containing the same release language) was also settled and a release was executed by the motorcycle passenger.  Despite the release between the motorcycle operator and the car operator, the <u>Kuna</u> court found that "[a] right of contribution is not expressly stated in the release" between the parties and that "[a] right of contribution did not exist at the time the release was executed...."  <u>Id.</u> at 204-05.  Therefore, the court concluded that "the right of contribution is not covered by the release;...[and] it does not prevent third-party plaintiff [motorcycle operator] from asserting such right as against third-party defendant [car operator] at this point."  <u>Id.</u>

In Markey v. Skog, the court clarified when a right to
contribution exists:

> It is clear that a defendant's right to contribution from a
> joint tortfeasor is, therefore, an inchoate right which does
> not ripen into a cause of action until he has paid more than
> his pro rata portion of the judgment obtained against him by
> the plaintiff.  It is at that point that his cause of action
> for contribution accrues.  The ascertion [sic] by
> codefendants in a negligence action of a right of
> contribution inter sese and the right of a defendant to
> implead a joint tortfeasor by a third-party complaint before
> plaintiff's cause of action has been reduced to a judgment
> are merely devices of procedural convenience afforded by the
> rules of practice.

129 N.J. Super. at 200.  A defendant/third-party plaintiff,
therefore, is not barred from pursuing a claim for contribution
against a third-party defendant despite the existence of a
general release between these two parties, provided (1) the
release does not mention a possible right of contribution and (2)
such a right did not exist at the time the release was executed.
See Kuna, 137 N.J. Super. at 204-05.

In this case, Baker cannot rely on the Release to preclude
Toyota's contribution claim for two reasons.  First, the Release
executed by Padilla does not mention a right of contribution.
The Release merely releases Baker (and his insurer) from "any and
all past, present or future claims" Padilla may possess against
Baker.  (Settlement Agreement and Release, Third-Party Defs.' Br.
Ex. D.)  Toyota was not a party to the litigation between Padilla
and Baker and Toyota is not mentioned in the Release.  In fact,
no claims against Toyota were filed by the Padilla Plaintiffs

until July 20, 2004, nearly nine months after Padilla executed
the Release.  (Pls.' Compl.)  Second, since the action against
Toyota was not commenced until after the Release was executed,
Toyota did not possess a right to contribution from Baker at the
time of the Release given that it could not have "paid more than
[its] pro rata portion of the judgment obtained against [it] by
the plaintiff."  Markey, 129 N.J. Super. at 200.

     The issue in the present case is analogous to the issue
addressed by the court in Kuna.  In a motion for summary
judgment, the third-party defendant asserted that the existence
of the general release executed by the third-party plaintiff in
favor of the third-party defendant in an earlier claim barred the
third-party complaint.  See Kuna, 137 N.J. Super. at 204.  The
release did not mention a right to contribution nor did the
defendant/third-party plaintiff possess a right to contribution
at the time of the release.  See id.  Like Kuna, the present
action involves a third-party complaint against a third-party
defendant and a similar release exists between the Plaintiff
Kristy Padilla and the Third-Party Defendant Baker as a result of
a prior action.  (Notice of Mot. to Dismiss the Third-Party
Compl. ¶6, ¶11.)

     In fact, this case is one step removed from the facts of
Kuna, as the Kuna defendant was actually a party to the release
agreement with the third-party defendant.  Here, in contrast,

Toyota was <u>not</u> a party to the earlier litigation between Padilla and Baker and not a signatory on the Release.  As noted, the Release does not mention a right to contribution and Toyota did not have a right at the time it was executed.  (Settlement Agreement and Release, Third-Party Defs.' Br. Ex. D.)

As such, this Court will apply the rule established in <u>Kuna</u> and hold that the Release executed by Padilla on October 26, 2003 in favor of Baker does not preclude Toyota from asserting a contribution claim against Baker.[3]

---

[3] The Court notes that no court has cited <u>Kuna</u> for the issue of whether a release executed by one defendant serves to bar a contribution claim by another defendant against the settling defendant.  However, the Court's research has revealed two cases addressing the issue of whether a nonsettling defendant has a viable cross claim against a settling defendant.  Because neither case contains the same facts as either <u>Kuna</u> or the present case, the Court considers them unpersuasive.

In <u>Tefft v. Tefft</u>, 192 N.J. Super. 561 (App. Div. 1983) a passenger involved in a motor vehicle accident initiated an action against the driver of the vehicle in which she was riding and the motorist of the colliding vehicle.  Both defendants settled with the plaintiff and the defendant driver filed a cross claim for contribution against the defendant motorist.  <u>Id.</u> at 563. The New Jersey Appellate Division reversed the trial court and ordered dismissal of the contribution claim concluding that a "nonsettling defendant has no viable cross-claim to pursue against a settling defendant." <u>Id.</u>  The present case is factually distinctive from <u>Tefft</u> as (1) Toyota was not a party to the original action between Padilla and Baker and (2) Padilla's actions against Toyota and Baker concern different legal issues.  Therefore, <u>Tefft</u> is not controlling.

A second case, <u>Rottlund Homes of New Jersey, Inc., v. Saul, Ewing, Remick and Saul, L.L.P.</u> involved a plaintiff who filed an action against its law firm (the defendant/third party-plaintiff) which then filed a third-party complaint against the company's chief executive officer and his own company (third-party

**B. Padilla's loss of a right of action against Baker does not prevent Toyota from asserting a contribution claim against Baker**

Under New Jersey law, common liability is the basis for any contribution claim. <u>Markey</u>, 129 N.J. Super. at 200. The point at which common liability exists is established:

> [A]t the time of the accrual of the plaintiff's cause of action which is the sine qua non of defendant's contribution right. If there is common liability to plaintiff at that time - that is, common liability as a matter of fact even although, necessarily, then unadjudicated - defendant cannot be deprived of his inchoate right by reason of plaintiff's loss thereafter of his own right of direct action against the joint tortfeasor.

<u>Id.</u> at 200-01. Indeed, the <u>Markey</u> court continued stating that:

> Any other rule would not only be contrary to the conceptual basis of the cause of action for contribution but would also be contrary to the policy of the contribution statute, which seeks to prevent plaintiffs, by their unilateral actions, from electing where to place the burden of a common fault.

<u>Id.</u> at 201. Therefore, provided that the plaintiff could have initiated a claim against a third-party defendant "as of the date of the accrual of the plaintiff's claim," the "subsequent loss of the remedy, therefore...does not operate retroactively, for contribution purposes, to wipe out the right of action which existed before the bar to the remedy was raised by plaintiff's

---

defendants). 243 F. Supp. 2d 145, 157 (D. Del. 2003). Based on a settlement and release between the plaintiff and the third-party defendant, the District Court for the District of Delaware dismissed the third-party complaint. <u>See</u> <u>id.</u> While the procedural posture of <u>Rottlund</u> is similar to the present case, this Court does not agree with its conclusion as the <u>Rottlund</u> Court has failed to articulate its reasoning for such a decision.

inaction." <u>Id.</u> at 204.[4]  As noted by <u>Markey</u>, the fact that a
plaintiff can no longer pursue a cause of action against a third-
party defendant "does not mean he [plaintiff] did not have the
right to do so at the time his cause of action accrued." <u>Markey</u>,
129 N.J. Super. at 204.

The present action is similar to the facts of the <u>Markey</u>
case.  In <u>Markey</u>, the plaintiff initiated a claim against a
defendant, who then filed a third-party complaint seeking
contribution.  <u>See id.</u> at 196.  The third-party defendant argued
that it did not have common liability with the defendant/third-
party plaintiff given that the plaintiff was barred from pursing
a claim against the third-party defendant because the plaintiff
failed to comply with a procedural requirement.  <u>See id.</u> at 198-
99.  The court concluded that the subsequent inability of the
plaintiff to file a claim against the third-party defendant did
not preclude the existence of common liability at the point in
which the plaintiff's cause of action accrued.  <u>See id.</u> at 204.
Similarly, the loss of Padilla's ability to file a claim against
Baker does not preclude the existence of common liability and
does not bar Toyota's third-party contribution claim.  Given the
existence of common liability between Baker and Toyota, this
Court holds that Padilla's inability to pursue a claim against

---

[4] The conclusion of the <u>Markey</u> court was subsequently upheld
in <u>S.P. v. Collier High School</u>, 319 N.J. Super. 452, 470-73 (App.
Div. 1999).

Baker does not bar Toyota's contribution claim against Baker.[5]

## IV. CONCLUSION

Third-Party Defendant Baker's motion to dismiss Toyota's third-party complaint for failure to state claim upon which relief may be granted will be denied.  The accompanying Order will be entered.

June 26, 2006                          **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                            United States District Judge

_____

[5] Toyota has also argued in the alternative that the joinder of Baker as a Third-Party Defendant is mandatory under New Jersey law N.J.S.A. 2A:15-5.2.  (Defs.' Br. at 7.)  However, because the Court has found that the motion to dismiss should be denied based on the two independent grounds discussed, the Court need not, and will not, address this argument.

14